**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4104

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMBERT MBOM,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:22-cr-00109-PX-3)

Submitted:  February 20, 2025                                Decided:  June 16, 2025

Before QUATTLEBAUM and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Elizabeth A. Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Erek L. Barron, United States Attorney, David C. Bornstein, Assistant United States Attorney, Christopher Sarma, Assistant United States Attorney, Megan McKoy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2023, a jury convicted Lambert Mbom of, and he was sentenced to 60 months in prison for, one count each of conspiracy to commit health care and wire fraud, in violation of 18 U.S.C. § 1349, and conspiracy to make false statements relating to health care matters, in violation of 18 U.S.C. § 371. Mbom was the former Program Administrator for Holy Health Care Services, LLC ("Holy Health"), a provider that offered therapy, medication, community support, and other services to consumers with mental health issues. Mbom asserts that his convictions should be vacated because (1) the evidence was insufficient to support the jury's verdict; and (2) the district court reversibly erred when it denied Mbom's proposed jury instruction regarding reasonable doubt. Finding no error, we affirm.

First, we first review the district court's denial of Mbom's Fed. R. Crim. P. 29 motion de novo. *United States v. Watkins*, 111 F.4th 300, 308 (4th Cir. 2024). "In reviewing a challenge to the sufficiency of the evidence, an appellate court must ask whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). Thus, "appellate reversal on grounds of insufficient evidence will be confined to cases where the prosecution's failure is clear." *Id.* (cleaned up).

2

"[L]ike the district court, we must give deference to the jury's determination: On an appeal challenging the sufficiency of evidence, we assess the evidence in the light most favorable to the government, and the jury's verdict must stand unless we determine that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Watkins*, 111 F.4th at 308 (internal quotation marks omitted). And when resolving issues of substantial evidence, we do not reweigh the evidence or reassess the factfinder's determination of witness credibility, and must assume that the jury resolved all contradictions in testimony in favor of the Government. *See United States v. Roe*, 606 F.3d 180, 186 (4th Cir. 2010). We conclude that substantial evidence supports the jury's verdict here.

To establish that Mbom was guilty of the charged conspiracy to commit fraud under § 1349, the Government was required to show that Mbom and another person had an agreement to commit health care fraud or wire fraud. *See United States v. Louthian*, 756 F.3d 295, 303 (4th Cir. 2014). In turn, health care fraud requires (1) a knowing and willful intent to execute a scheme (2) to either defraud a health care benefit program or obtain through false representations money from a health care program (3) in connection with the delivery of or payment for health care services. 18 U.S.C. § 1347(a); *see also United States v. Chikvashvili*, 859 F.3d 285, 289 (4th Cir. 2017).

As to wire fraud, the Government was required to establish that the parties (1) devised a scheme to defraud and (2) transmitted a communication over a wire in interstate commerce (3) for the purpose of executing the scheme. 18 U.S.C. § 1343; *see also United States v. Elbaz*, 52 F.4th 593, 603 (4th Cir. 2022). And, to establish that Mbom engaged

3

in a conspiracy to make false statements relating to health care matters, the Government had to show that Mbom entered into an agreement to (1) knowingly and willfully, (2) in any matter involving a health care benefit program as defined in 18 U.S.C. § 24(b), (3) either falsify a material fact or make a materially fraudulent statement (4) in connection with a payment for health care benefits.  18 U.S.C. § 1035(a).

We conclude that substantial evidence was presented at trial establishing that Mbom was aware of the fraudulent billing practices taking place at Holy Health, and that he took "some action indicating his participation" in the conspiracies with which he was charged.  *United States v. Whittington*, 26 F.3d 456, 465 (4th Cir. 1994) (cleaned up); *see, e.g.*, *United States v. Kivanc*, 714 F.3d 782, 795 (4th Cir. 2013) (finding sufficient evidence to support conspiracy to commit health care fraud conviction where there was testimony regarding the several methods the defendant used to fraudulently bill health care benefit programs); *United States v. McLean*, 715 F.3d 129, 138 (4th Cir. 2013) ("The stark disparity between what McLean recorded and what the angiogram showed strongly suggests he intentionally committed [health care] fraud.").  Thus, Mbom has not satisfied the "heavy burden" of showing that no reasonable juror could have found that he unintentionally engaged in the charged conspiracies.  *United States v. Dennis*, 19 F.4th 656, 665-66 (4th Cir. 2021) (internal quotation marks omitted).

Next, we reject Mbom's argument that the district court abused its discretion when it denied his proposed jury instruction regarding reasonable doubt.  *United States v. Simmons*, 11 F.4th 239, 264 (4th Cir. 2021) (stating standard of review).  While a district court "*may* define reasonable doubt to a jury," *United States v. Frazer*, 98 F.4th 102, 115

4

(4th Cir. 2024) (internal quotation marks omitted and emphasis added), this court has "long maintained that district courts shouldn't attempt to define 'reasonable doubt,'" *United States v. Wiley*, 93 F.4th 619, 631 (4th Cir.), *cert. denied*, 144 S. Ct. 2648 (2024). This is so because "reasonable doubt has a self-evident meaning comprehensible to the lay juror" and "attempts to explain the term tend to alter or to obfuscate its meaning." *Id.* (cleaned up). As we recently reiterated, "any definition of 'reasonable doubt' is more confusing than helpful." *Id.* (internal quotation marks omitted).

Contrary to Mbom's arguments here, we conclude that the district court faithfully adhered to this court's strong admonition in declining to instruct the jury on the meaning of "reasonable doubt" beyond the explanation it provided during its charge to the jury. Indeed, any further instruction by the district court would have risked "confusing" the jury. *Id*. (internal quotation marks omitted).

Based on the foregoing, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5